111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Fontez Lamont COMBS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1965, 96-2225.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Feb. 21, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In June 1993, Fontez Lamont Combs was indicted, along with Cornelius Lorenzo Jones, on one count of possession with intent to distribute 9.1 grams of cocaine base (in violation of 21 U.S.C. § 841(a)(1)), and one count of using and carrying one or more firearms during and in relation to a drug trafficking crime (in violation of 18 U.S.C. § 924(c)(1)[1]). Combs pleaded guilty to both counts.
 
 
 2
 Combs was sentenced in January 1994 for his § 841(a)(1) and § 924(c)(1) convictions. He did not file a direct appeal. In February 1996, Combs filed a motion pursuant to 28 U.S.C. § 2255, attempting to make arguments based on Bailey v. United States, 116 S.Ct. 501 (1995). The district court denied the § 2255 motion, as well as a motion for reconsideration. Combs appeals the denial of both motions.
 
 
 3
 "If Bailey did change the law in a way that affected whether what [Combs] did was even a crime under § 924(c)(1), § 2255 might well offer him relief." Broadway v. United States, No. 96-2538, 1997 WL 9249 at * 4 (7th Cir. Jan. 13, 1997) (citing Davis v. United States, 417 U.S. 333, 346 (1974), and Reed v. Clark, 984 F.2d 209, 211-12 (7th Cir.1993)). However, Bailey changed the law of § 924(c)(1) only with respect to the term "use," and did not alter the interpretation of the words "carries" or "during and in relation to any ... drug trafficking crime." Id. at * 3, * 4; United States v. Cotton, 101 F.3d 52, 56 (7th Cir.1996).
 
 
 4
 Thus, Combs's arguments in this appeal, which concern the words "carries" and "during and in relation to any ... drug trafficking crime," are claims of " 'non-constitutional errors which could have been raised on [direct] appeal but were not.' " Broadway, supra, at * 2 (quoting Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988)). Such claims are barred on collateral review. Id. (quoting Bontkowski, 850 F.2d at 313).[2]
 
 
 5
 The judgment of the district court is AFFIRMED.[3]
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Section 924(c)(1) applies to anyone who, "during and in relation to any ... drug trafficking crime ... for which he may be prosecuted in a court of the United States, uses or carries a firearm." 18 U.S.C. § 924(c)(1)
 
 
 [2]
 Even if Combs's claims were available in a § 2255 proceeding, they would be without merit in light of United States v. Molina, 102 F.3d 928 (7th Cir.1996)
 
 
 [3]
 The government's motion to dismiss Appeal No. 96-2225 is denied as moot